UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY JAY KLEINPETER

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 11-618-BAJ-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 8, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY JAY KLEINPETER

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 11-618-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Timothy Jay Kleinpeter brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner") denying his claims for supplemental security income ("SSI") and disability insurance benefits.

For the reasons which follow the Commissioner's decision should be affirmed.

**Background**

Plaintiff was 52 years old at the time of the hearing decision. Plaintiff obtained his GED degree and worked from 1993 until May 2006 as a brick layer. AR pp. 86-104. In his May 2009 applications for disability and SSI benefits the plaintiff alleged that he is disabled due to liver disease - specifically, hepatitis C and cirrhosis. AR pp. 69, 90, 285. His applications were initially denied and the plaintiff requested a hearing before an administrative law judge ("ALJ"). An ALJ hearing was held on March

4, 2010 and the ALJ issued an unfavorable decision on March 25, 2010. Plaintiff requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied the plaintiff's request for review, and the ALJ's findings constituted the final decision of the Commissioner. Plaintiff then filed this petition for judicial review challenging the Commissioner's determination that he is not disabled.

## Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no

credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505 and § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520 and § 416.920. In the five step sequence used to evaluate claims the Commissioner must

determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work.  *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps.  At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work.  If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy.  *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

**Analysis**

In this appeal the plaintiff contends that the following reversible errors were committed by the ALJ:  (1) the ALJ improperly rejected the treating doctors' opinions without good cause and without providing good reasons; (2) the ALJ's residual functional capacity finding ("RFC") was not supported by substantial evidence and should have included a restriction that

4

the plaintiff needed to change positions/elevate his legs; and, (3) the error in the ALJ's RFC finding rendered the testimony of vocational expert, John Yent, insufficient to meet the Commissioner's burden at the fifth step to show that the plaintiff could perform other work.

The record establishes, and the plaintiff does not contest the following findings made by the ALJ: (1) after the alleged onset the plaintiff did engage in some employment at the light exertional level as an assistant pastor and personal assistant, but because the plaintiff was paid more than the actual value of the work it was not substantial gainful activity;[1] (2) at the second step the plaintiff had severe impairments of hepatitis C and cirrhosis of the liver,[2] but at step three these impairments did not meet the requirements of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1;[3] and,(3) because the exertional demands of

---

[1] AR pp. 46, 76, 141, 311-17, 339.

[2] In 2003 the plaintiff was diagnosed with chronic hepatitis C.  The record contains ample documentation of the plaintiff's severe liver condition.  See, for example, AR pp. 47, 189, 216-17, 230-45, 272.

[3] AR p. 46.  Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing.  An impairment that exhibits only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525 and § 416.925.

5

the plaintiff's job as a bricklayer fell in the category of heavy work,[4] the plaintiff's liver disease prevented him from engaging in this type of employment.  However, the plaintiff's contention, and the crux of his appeal, is that the ALJ incorrectly determined his residual functional capacity, which resulted in an erroneous finding at the fifth step that he could perform other work that exists in significant numbers in the national economy.

Plaintiff's claims of error and the administrative record have been carefully considered.  Review of the administrative record as a whole demonstrates that the claims of reversible error are without merit, and that substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled.

> **1.  The ALJ did not improperly reject the treating doctors' opinions without good cause.**

Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown.  The ALJ may discount the weight of a treating doctor's opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques,

---

[4] AR pp. 90-91, 339-40.  Heavy work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds or more.  If someone can do very heavy work, we determine that he or she can also do medium, light and sedentary work."   20 C.F.R. § 404.1567(d); 20 C.F.R. § 416.967(d).

or is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 455-56. An ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, *supra*.

The regulations also state that when the ALJ finds the opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion. These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization. 20 C.F.R. § 404.1527(c) and (d); 20 C.F.R. § 416.927(c) and (d); *Newton*, 209 F.3d at 458. Nevertheless, the ALJ need not consider each of the factors where there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another. Finally, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner.[5]

A review of the record confirms that the ALJ applied the above legal standards, and his findings were supported by substantial evidence.

The ALJ's written decision thoroughly summarized and evaluated

---

[5] 20 C.F.R. § 404.1527(d)(1)-(3); 20 C.F.R. § 416.927(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

the medical evidence from the plaintiff's primary care physician, Dr. Tiffany Davis. AR pp. 47-49. In his decision the ALJ also specifically addressed Dr. Davis's statement that, "at this time he should be considered disabled." AR pp. 48-49, 235. As the plaintiff acknowledged,[6] under the regulations the ALJ is not required to give this statement any special treatment or significance because it is not a medical opinion - it is a legal conclusion on an issue reserved to the Commissioner.[7] Nevertheless, the ALJ considered the opinion and all of the treatment records and found that the doctor's statement of the plaintiff's disability was not supported and was inconsistent with her own progress notes and the other evidence of record. This conclusion is supported by substantial evidence.

Dr. Davis consistently reported a normal physical examination, except for some general fatigue, knee pain and edema. Her notations showed that medication alleviated the plaintiff's pain and swelling. Plaintiff's symptoms were improved to the extent that he was planning and scheduling a mission trip to India.[8] The

---

[6] Record document number 8, Plaintiff's Memorandum in Support of Appeal, p. 5.

[7] With regard to these types of statements by a physician, the ALJ is not required to use the factors set out in the regulations for evaluating medical opinions. *See*, footnote 5, *supra*.

[8] AR pp. 48, 142-150, 226, 229, 231, 234, 272, 276; see also, record document number 10, Defendant's Opposition Memorandum, pp. 7-8 (citations to transcript and discussion of evidence by the Commissioner). In April 2009 the plaintiff had an abdominal ultrasound which showed a normal appearing liver, gallbladder, pancreas and kidneys. AR p. 143.

8

records from gastroenterologist Dr. Amy Lobrano contained similar findings and information. AR pp. 216-17, 229, 231-32. For example, a report of a physical examination the plaintiff underwent in June 2009 stated that the plaintiff had no pain and no edema in his lower extremities. AR p. 217.

Dr. Caxton Opere also performed a consultative examination in June 2009, and, except for a few notations, the entire report indicated normal findings. Dr. Opere noted that the plaintiff had no weight loss, abdominal pain or atrophy, and had normal muscle tone, hand grip and range of motion in all joints. AR pp. 190-92. Plaintiff's own report and statements of his condition and daily activities[9] also support the ALJ's decision not to credit the statements of Dr. Davis. Plaintiff testified that the fluid pills helped a lot to reduce the swelling. Plaintiff stated that he was able to stay on his feet for up to three hours without having edema. He had to elevate his legs some, but not as much as before taking the medication. With the medication he elevated his legs only periodically if he noticed a little swelling, and he estimated that he needed to do so just two or three times in a week. AR pp. 333-35. Plaintiff testified that some of his part-time work duties included painting, removing or putting things in an attic, and putting together small pieces of furniture. AR pp. 315-16.

Plaintiff also argued that the ALJ did not have good cause and failed to give any reasons for ignoring the recommendation of Dr.

---

[9] AR pp. 106-09, 310-17.

9

Walter Cain.  The recommendation the plaintiff is referring to is Dr. Cain's February 2008 discharge recommendation that the plaintiff wear compression stockings and elevate his feet.  AR p. 184.  While the ALJ did not specifically cite to Dr. Cain's recommendation, the ALJ did affirmatively state throughout her decision that he considered all the symptoms, evidence and medical opinions in the record.  Even if it was error for the ALJ not to specifically discuss Dr. Cain's recommendation or evaluate it using the § 404.1527 factors, the error was harmless.[10]

The evidence discussed and cited above shows that when the plaintiff began taking medication in 2009, the problem with swelling was greatly reduced so that he only had to elevate his legs two or three times a week.  Nor did the plaintiff testify at the hearing that he wore compression stockings for swelling, or argue that having to wear them would affect his ability to work.  Therefore, substantial evidence, including first-hand medical evidence, supports the ALJ's decision not to include these restrictions in her determination of the plaintiff's residual functional capacity.

    2.    **The ALJ's RFC finding, and the finding that the plaintiff was not disabled at the fifth step, were supported by substantial evidence.**

Plaintiff essentially argued that the ALJ's finding that he

---

[10] *See*, *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)(procedural perfection in administrative proceedings is not required so long as the substantial rights of a party have not been affected).

had an RFC for light work with occasional postural functions was erroneous, because his need to elevate his legs was improperly excluded by the ALJ. According to the plaintiff, proper inclusion of this limitation reduced his RFC to the sedentary level and a finding of disability would be directed under Medical Vocational Rule 201.14.[11] Plaintiff's argument is unsupported.

As explained above, the ALJ's decision not to include such a limitation in her RFC finding was not error. Furthermore, the testimony of the vocational expert,[12] along with the evidence cited above, constitutes substantial evidence to support finding that despite his liver impairment the plaintiff can perform the exertional requirements of light work with occasional postural functions.[13] With this residual functional capacity, and given the plaintiff's age education and work experience, the expert testified that the plaintiff would be able to perform several jobs existing in significant numbers in the national economy - entry level cashier, rental counter clerk and retail sales clerk. AR pp. 338-42. This vocational evidence constitutes substantial evidence to

---

[11] 20 C.F.R. Ch. III, Part 404, Subpt. P, App. 2, Table No. 1.

[12] The expert testified that the part-time work duties the plaintiff performed as a pastoral assistant and personal assistant would be classified as light work. AR p. 339.

[13] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b).

11

support the ALJ's finding at the fifth step that the plaintiff was not disabled.

## Conclusion

Plaintiff's claims of error are without merit.  The record as a whole establishes that the ALJ applied the proper legal standards and substantial evidence supports her determination at the fifth step that the plaintiff is not disabled.  The final decision of the Commissioner should be affirmed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security Michael J. Astrue, denying the applications for disability and supplemental security income benefits filed by plaintiff Timothy Jay Kleinpeter be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, March 8, 2013.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE